William C. Farley, Respondent, v. Frederick C. Overbury, Appellant.— In an action to recover on five notes executed in connection with collateral agreements, judgment, entered on a verdict directed in favor of plaintiff, reversed on the law and the facts, and a new trial granted, costs to abide the event. The instruments sued on have lost their negotiability and the language of the agreements shows clearly that the pledgee did not have the unconditional right to dispose of the pledged collateral or to substitute other certificates in place thereof. The agreements provide that only in the event of a market decline (of which there is no evidence) does the obligation become due and the right to deal with the collateral accrue, and only then upon making a demand of defendant for further collateral and upon his refusal to furnish it. It was error to preclude defendant from establishing that he would not have made the admission on October 21, 1931, if he had known that the collateral had been disposed of, particularly in view of the circumstance that the certificates tendered at the trial indicate that the original certificates to the extent of 1,600 shares are not in the plaintiff's possession and are

not accounted for. Defendant should have been permitted to answer some of the questions appearing at folios 208 *et seq.*, as such answers might have had a bearing on the defenses. Lazansky, P. J., Johnston, Adel and Close, JJ., concur; Taylor, J., not voting.